UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FREDDIE J. DAIGLE, individually and on behave of spouse ANNIE M. DAIGLE | CIVIL ACTION |
| VERSUS | NO. 14-525 |
| LYNN BOURGEOIS, UNITED STATES DEPARTMENT of AGRICULTURE, ABC INSURANCE COMPANY, and STATE FARM CASUALTY INSURANCE COMPANY | SECTION: "C" (1) |

### ORDER AND REASONS[1]

Before this Court is a motion to substitute defendants and dismiss plaintiffs' claims. Rec. Doc. 5. The United States of America and Lynn Bourgeois ("Bourgeois") filed the motion. Rec. Doc. 5. The plaintiffs are Freddie J. Daigle ("Mr. Daigle"), individually and on behalf of his deceased spouse Annie M. Daigle, and Toni Daigle Champagne on behalf of her deceased mother Annie M. Daigle. Rec. Doc. 1-1. Having considered the record, the memoranda of counsel and the law, the Court hereby GRANTS the movants' motion. Rec. Doc. 5. The United States of America is hereby SUBSTITUTED for Bourgeois and the United States Department of Agriculture ("USDA"). Plaintiffs' claims are hereby DISMISSED WITHOUT PREJUDICE.

### I. BACKGROUND AND PROCEDURAL HISTORY

This suit arises from a motor-vehicle accident. Mr. Daigle alleges that on February 20, 2013, he and his wife were in a vehicle travelling northbound on LA 306 in Louisiana. Rec. Doc. 1-1 at 2. Another vehicle owned by USDA and operated by defendant, Bourgeois, ran a

---

[1] Haiming Li, a third-year student at third Washington University Law School, assisted in the preparation of this Order and Reasons.

1

red traffic light and collided with Mr. Daigle's vehicle. *Id*. The accident caused injuries to Mr. Daigle, and injuries and subsequent death to his wife. *Id*.

The plaintiffs allege that Bourgeois was an employee and representative of the USDA, acting within the course and scope of his employment at the time of the accident. *Id*. at 3. Therefore, the USDA should be jointly and solidarily liable for the damages caused by Bourgeois' actions. *Id*.

On February 20, 2014, Mr. Daigle filed a petition for Wrongful Death and Survival Action in the 29th Judicial District Court of the Parish of St. Charles, State of Louisiana, against defendants including Bourgeois, USDA, ABC Insurance Company and State Farm Casualty Insurance Company. *Id.* at 1. On March 10, 2014 the United States removed this case to the United States District Court, Eastern District of Louisiana, under 28 U.S.C. § 1442(a)(1). Rec. Doc. 1. On May 16, 2014, the United States of America and Bourgeois filed this motion to substitute and dismiss. Rec. Doc. 5.

## II. STANDARD OF REVIEW

"The United States as a sovereign nation is immune from suit except as the United States has consented to be sued." *McNeily v. United States*, 6 F.3d 343, 347 (5th Cir.1993). "One of the vehicles by which the United States has consented to be sued is the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-80." *Id.* The FTCA provides that the United States is liable for damages caused

> by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).

2

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir.1998). In examining a motion to dismiss for lack of subject matter jurisdiction, the district court is empowered to consider matters of fact, which may be in dispute. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id*. "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Id.*

### III. LAW AND ANALYSIS

**A. The United States of America must be substituted for Bourgeois and the USDA.**

The movants argue that Bourgeois was in the course and scope of his federal employment at the time of the subject accident. *See* Rec. Doc. 5-1. Therefore, United States shall be substituted as the party defendant and all plaintiff's claims against Bourgeois should be dismissed under 28 U.S.C. § 2679(d)(2). *Id.*

28 U.S.C. § 2679(d)(1) provides: "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose…the *United States shall be substituted as the party defendant*." (emphasis added). 28 C.F.R. § 15.4 provides that the United States Attorney for the district where the civil action is brought, is authorized to make the statutory certification under 28 U.S.C. § 2679(d)(1).

3

In this case, the United States Attorney for the Eastern District of Louisiana certified that Bourgeois was at all times acting within the scope of his employment for the USDA at the time of the subject accident. *See* Rec. Doc. 5-6 at 1. Therefore, the United States must be substituted for Bourgeois as the defendant under 28 U.S.C. § 2679(d)(1).

The movants further argue that the United States should be substituted as defendant for the USDA. Rec. Doc. 5-1 at 6. "The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b)…" 28 U.S.C. 2679(a). Accordingly, the United States is the only proper defendant in a FTCA suit instead of the relevant government agency. *See McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir 1998) ("to sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant").  Therefore, the United States must be substituted in place of the USDA.

**B. Plaintiffs have not exhausted their claims against the United States of America.**

The movants argue that the plaintiffs failed to exhaust their administrative remedies and therefore, this Court lacks subject matter jurisdiction. Rec. Doc. 5-1 at 5. 28 U.S.C. § 2675(a) provides:

> [a]n action shall not be instituted upon a claim against the United States for money damages for…injury or death caused by the negligent or wrongful act…of any employee…unless the claimant shall have *first presented the claim to the appropriate Federal agency* and his claim shall have been finally denied by the agency…The failure of an agency to make final disposition of a claim within six months after it is filed shall…be deemed a final denial of the claim…

(emphasis added). *Accord* 28 U.S.C. 2401(b) ("[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency…"). In *Price v. United States*, 69 F.3d 46, 54 (5th Cir, 1995), the Fifth Circuit held that the subject matter jurisdiction is conditioned on compliance with 28 U.S.C. § 2675(a).

4

On February 5, 2014, the plaintiffs presented their claim for damage, injury or death to the Office of the General Counsel of the Administrative Office of United States Courts ("Administrative Office"). Rec. Doc. 5-2 at 1. On February 18, 2014, the Administrative Office responded that the plaintiffs' claim must be presented to USDA as the proper federal agency. Rec. Doc. 5-4 at 1. The Administrative Office forwarded the plaintiffs' claim to the USDA and the General Counsel of USDA received the claim on February 25, 2014. *Id.*; Rec. Doc. 5-5. Therefore, February 25, 2014 is the date when the plaintiffs' claim was presented to the proper federal agency. *See* 28 C.F.R. § 14.2(b) (1) ("A claim shall be presented as required by 28 U.S.C. 2401(b) as of the date it is received by the appropriate agency"). The plaintiffs, instead of waiting the final denial of their claim by USDA or the deemed final denial of their claim (effective 6 months from the date of receiving), filed this suit in the state court on February 20, 2014. Rec. Doc. 1 at 1.

Because the plaintiffs failed to exhaust administrative remedies before they instituted a FTCA claim against the United States, the claim should be dismissed for lack of subject matter jurisdiction immediately. *See Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981) (stating 28 U.S.C. § 2675 requires that jurisdiction must exist at the time the complaint is filed and courts "cannot hold the matter abeyance pending prosecution of the administrative remedy").

Accordingly,

IT IS ORDERED that the United States of America and Bourgeois' "Motion to Dismiss Plaintiff's Complaint" is hereby GRANTED. Rec. Doc. 5. The United States of America is hereby SUBSTITUTED for Bourgeois and the USDA. Plaintiffs' claims against the United States of America are hereby DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana this 2nd day of July, 2014.

                                             **HELEN G. BERRIGAN**
                                             **UNITED STATES DISTRICT JUDGE**